UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BLACK FARMERS AND AGRICULTURALISTS
ASSOCIATION, INC, a not-for-profit Delaware
corporation;
5 N. 3rd ST., SUITE 2030
MEMPHIS, TN 38103

TOMMY DAVIS;
5988 HWY 4 WEST
HOLLY SPRINGS, MS 38635

VIRGINIA FLINN FACTOR;
7331 GERMANTOWN TRAILS
MEMPHIS, TN 38125

and

LUDORA VALENTINE,                        CASE NUMBER:
251 NORTHWIND DR.
MARION, AR 72364

    Plaintiffs,

v.

ED SCHAFER, Secretary,
THE UNITED STATES DEPARTMENT OF
AGRICULTURE
1400 Independence Avenue, S.W.
Washington, DC 20250,

    Defendant.
_____/

COMPLAINT TO DETERMINE MERITS AND DAMAGES PURSUANT TO
§ 14012 OF THE FOOD, CONSERVATION AND ENERGY ACT OF 2008

Pursuant to §14012(b) of the Food, Conservation and Energy Act of 2008 ("2008 Farm Bill"), Plaintiffs, **BLACK FARMERS AND AGRICULTURALISTS ASSOCIATION, INC**, a not-for-profit association which advocates on behalf of African-American farmers; and

**TOMMY DAVIS; VIRGINIA FLINN FACTOR;** and **LUDORA VALENTINE,** individually named African American farmers (hereinafter "Individual Plaintiffs"), bring this action against the Secretary of Agriculture seeking a determination on the merits of the individual plaintiffs' *"Pigford* claims," and damages for unlawful race-based discrimination in the processing of their applications for participation in federal farm credit or benefit programs between January 1, 1981 and December 31, 1996.

## FACTS LEADING TO CAUSE OF ACTION

1. On January 5, 1999, this Court certified the following class in two consolidated class actions against the USDA alleging the USDA had discriminated against African American farmers by denying or delaying applications for farm benefit programs and by mishandling discrimination complaints filed with the USDA

> All African American farmers who (1) farmed, or attempted to farm between January 1, 1981 and December 31, 1996; (2) applied to the United States Department of Agriculture (USDA) during that time period for participation in a federal farm credit or benefit program and who believed that they were discriminated against on the basis of race in USDA's response to that application; and (3) filed a discrimination complaint on or before July 1, 1997, regarding USDA's treatment of such farm credit or benefit application.

*Pigford v. Glickman,* Civ. Action. No. 97-cv-1978, (185 F.R.D. at 92).

The *Pigford* Plaintiffs had alleged the USDA engaged in systematic discrimination, from the county level through the federal level, against African American farmers who applied for loans or other credit services through the Farm Services Agency ("FSA"), and its predecessor organizations, the Agricultural Stabilization and Conservation Service ("ASCS") and the FmHA. The FmHA was originally created to provide loans, loan

servicing, and technical assistance for farmers. The FmHA and ASCS were merged in 1994 to create the FSA.

The FSA (like its predecessors, FmHA and the ASCS) operates at the county government level whose decisions are reviewed and monitored by state-level offices and committees, which are subject to review in Washington, D.C. by the national office and the National Appeals Division. While the credit and benefit programs are federally-funded programs, the decisions to approve or deny applications for credit or benefits are made locally. *Pigford,* 185 F.R.D. at 86.

The parties in *Pigford* negotiated a settlement and on April 14, 1999 entered into a Consent Decree to resolve the litigation. The Consent Decree established a process enabling farmers who had been discriminated against as applicants for farm loans or other credit and benefit programs to obtain an adjudication of their discrimination claims through a two-track dispute resolution mechanism. Under Track A, class members with minimal, or even no, documentary evidence were entitled to receive a "virtually automatic cash payment of $50,000, and forgiveness of debt owed to the USDA." *Id.* at *95*. The Track B option required a higher burden of proof— preponderance of the evidence — but allowed for uncapped damages. *Id*

Many farmers who had suffered discrimination and were entitled to seek relief under the Consent Decree, including the Individual Plaintiffs in this action, were unable to obtain relief because they did not submit completed claims packages by the October 12, 1999 deadline established by the Consent Decree. The Consent Decree did afford farmers who filed *after* the October 12, 1999 deadline a potential right to proceed with their claims, but only if they filed on or before September 15, 2000 and could satisfy the "extraordinary circumstances" test of Section 5(g). *See* Stipulation and Order, July 14, 2000, Dkt. 303, at 3; Arb. Rpt. at 2-3. Of the nearly

3

66,000 farmers who submitted their claim forms after October 12, 1999 and petitioned pursuant to Section 5(g) of the Consent Decree to participate as "late-filers" in the claims resolution process by the September 15, 2000 deadline, less than 2,300 (only three percent) were permitted to proceed. *See* Arb. Rpt. at 6. Individual Plaintiffs here are among the 97% of "late filing" farmers who were denied a determination on the merits of their discrimination claims.

Congress has recently provided that these "late-filing" claimants who were denied a determination on the merits of their discrimination claims under the Consent Decree may seek redress. On May 22, 2008, the 2008 Farm Bill became law. §14012 of the Act expressly affords to *Pigford* claimants who previously had submitted "late-filing" requests under the Consent Decree — but who did not obtain a determination on the merits — the right to bring a civil action in the United States District Court for the District of Columbia to obtain such a merits-based determination of their claims. The Act further mandates that the USDA, within 120 days of such a filing, provide specific information to claimants reflecting farm loan activity during the period of each claimant's application, and further provides two tracks for relief by which claimants may establish liability. 2008 Farm Bill, §§ 14012(e), 14012(f), and 14012(g). Prevailing Claimants are entitled to actual damages or certain specified liquidated damages. *Id.* at §§ 14012(f) and 14012(g).

Congress's intent in enacting this remedial legislation is to "giv[e] a full determination on the merits for each *Pigford* claim previously denied that determination." 2008 Farm Bill, § 14012(d). The Act specifically instructs the court to "liberally construe [§14012] so as to effectuate [this] remedial purpose." In this action, Plaintiffs, in accordance with the letter and Congressional intent of §14012, seek redress for the unlawful race-based discrimination they were subjected to in the processing of their applications for participation in federal farm credit or

benefit programs between January 1, 1981 and December 31, 1996.

§14012 also sets up a fund of $100,000,000 to cover all damages awarded under its provisions. $100,000,000 will not be sufficient to fully pay all damages awarded under §14012 to the thousands of *Pigford* claimants who likely will file claims.

This action seeks relief for persons eligible to pursue their *Pigford* claims under §14012 ("§14012 claimants") and supervision and equitable distribution of the $100,000,000 limited fund until it can be appropriately disbursed among successful §14012 claimants.

## JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1691; 28 U.S.C. §§ 1331, 1343, 1346; 42 U.S.C. § 2000d; 5 U.S.C. § 706; and Pub. L. No. 110-234, § 14012(b).

## VENUE

3. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(e) and Pub. L. No. 110-234, § 14012(b).

## THE PARTIES

4. Plaintiff **BLACK FARMERS & AGRICULTURALISTS ASSOCIATION, INC.** ("BFAA") is a not-for-profit organization created to respond to the issues and concerns of Black farmers in the U.S. and abroad. Formed in 1997, the organization has a membership of more than one thousand five hundred (1,500) farmers nationwide, and 21 state chapters. BFAA was also organized to monitor the U.S. Department of Agriculture and the historic 1999 *Pigford* Class Action Lawsuit Settlement. BFAA is committed to seeing that every Black farmer gets his or her award settlement and the USDA stops its continuing practices of discrimination against Black farmers.[1]

5. The BFAA, by virtue of its purpose and mission, has an interest in the issues raised by *Pigford* and recognized by Congress in enacting the 2008 Farm Bill. The BFAA brings this action in its representational capacity on behalf of its members who are *Pigford* claimants entitled under the 2008 Farm Bill to seek a determination on the merits of their claims.

---

[1] Undersigned counsel have been contacted by thousands of potential *Pigford* claimants, and have met with almost one thousand potential claimants, whose claims are now in the screening process. Undersigned counsel anticipate either filing additional actions for each of these claimants or seeking the court's guidance in establishing an efficient, accurate and timely process to submit and adjudicate these thousands of claims.

6. Plaintiff **TOMMY DAVIS** is an African American farmer residing in Clay County, Mississippi who, between January 1, 1981 and December 31, 1996, owned farm land where he grew soybeans and corn, and, attempted to apply for operating loans at the Senatobia, MS office of the Farmers' Home Administration ("FmHA") of the USDA. Because of his race, Mr. Davis was prohibited by the USDA from applying for FmHA loans, while similarly-situated white farmers applied for and were granted such loans. As a result of this unlawful discrimination, Mr. Davis incurred considerable economic loss. After January 1, 1981 and prior to July 1, 1997, Mr. Davis complained to the USDA about his treatment in accordance with Section 1(h) of the Consent Decree, and he alleged acts of discrimination by the USDA.

7. Mr. Davis is a member of the *Pigford* class and a *"Pigford* claimant" as defined by §14012(a)(4) of the Act. Mr. Davis sought "Track A" adjudication. Pursuant to Section 5(g) of the Consent Decree, Mr. Davis petitioned to participate in the claims resolution process as a "late-filer." The request was denied by the Arbitrator. Mr. Davis has never obtained a determination on the merits of his claims.

8. Plaintiff **VIRGINIA FLINN FACTOR** is the daughter of **GLADYS FLINN**, an African American farmer who resided in Olive Branch, DeSoto County, Mississippi. Mrs. Flinn died in 2006 at the age of 89. The Flinns grew cotton on their farm and, in 1981 applied for an operating loan from the USDA. Because of their race, the Flinns were denied loans when similarly-situated white farmers were granted loans. As a result of USDA's unlawful discrimination, the Flinns incurred considerable economic loss, ultimately losing their farm. After January 1, 1981 and prior to July 1, 1997, the Flinns complained to the USDA about their treatment in accordance with Section 1(h) of the Consent Decree, and alleged acts of discrimination by the USDA.

9. Ms. Factor is a member of the *Pigford* class and is a "*Pigford* claimant" as defined by § 14012(a)(4) of the Act. Her mother, Mrs. Flinn, filed her claim with the *Pigford* facilitator, along with a petition to participate as a "late-filer." Her tracking number was 90435-00. Mrs. Flinn's petition was denied by the Arbitrator and she has never obtained a determination on the merits of her claims.

10. Plaintiff **LUDORA VALENTINE** is an African American farmer and widow of **HENRY VALENTINE**. The Valentines, along with their children, Henry Valentine, Jr., Steven Valentine, Brenda Valentine White, Michelle Valentine Fix, Brianna Valentine Cunningham and Vickie Valentine between January 1, 1981 and December 31, 1996, owned farm land where they grew soybeans cotton and wheat, and, in 1984 attempted to attempted to apply for operating loans at the with the USDA. Because of their race, the Valentines were prohibited by the USDA from applying loans, while similarly-situated white farmers applied for and were granted such loans. As a result of this unlawful discrimination, the Valentines incurred considerable economic loss. After January 1, 1981 and prior to July 1, 1997, the Valentines complained to the USDA about their treatment in accordance with Section 1(h) of the Consent Decree, and alleged acts of discrimination by the USDA.

11. Mrs. Valentine is a member of the *Pigford* class and a "*Pigford* claimant" as defined by § 14012(a)(4) of the Act. Pursuant to Section 5(g) of the Consent Decree. The Valentines petitioned to participate in the claims resolution process as a "late-filer." The request was denied by the Arbitrator. Her claim number was 0026026, her tracking number was 00001119700 and her Affidavit number was 30561. Mr. Valentine has never obtained a determination on the merits of her claims.

12. The defendant, **ED SCHAFER**, is Secretary of Agriculture and head of USDA,

and is the federal official responsible for the administration of the statutes, regulations, and programs that are the focus of this action. The procedure set forth in §14012 provides for these claims to be brought against the USDA in the name of the Secretary of Agriculture, in this Court.

### CLAIMS FOR RELIEF

### COUNT I

### ACTION FOR DECLARATION THAT THE BLACK FARMERS AND AGRICULTURALISTS ASSOCIATION. INC'S MEMBERS WHO ARE ELIGIBLE *"PIGFORD* CLAIMANTS" UNDER THE 2008 FARM BILL ARE ENTITLED TO A DETERMINATION ON THE MERITS OF THEIR CLAIMS

13. Plaintiffs reallege each and every allegation set forth in paragraphs 1-12 of this Complaint as if fully set forth herein.

14. The BFAA's membership consists of at least one thousand five hundred (1500) African American farmers across the United States, many of whom are *"Pigford* claimants" as defined by §14012 of the 2008 Farm Bill and have standing to sue the USDA in their own right.

15. The BFAA's primary purposes include assisting African American farmers to secure access to resources provided by USDA programs and combating race-based discrimination in the administration of those programs.

16. In furtherance of these objectives and its non-monetary interest in the survival and success of its members, the BFAA seeks a declaration that its members who are eligible *"Pigford* claimants" under the 2008 Farm Bill are entitled to receive a determination on the merits of their discrimination claims.

### COUNT II

### ACTION FOR DETERMINATION ON THE MERITS OF *PIGFORD* CLAIMS PURSUANT TO § 14012 OF 2008 FARM BILL

17. Plaintiffs reallege each and every allegation set forth in paragraphs 1-12 of this

Complaint as if fully set forth herein.

18. Pursuant to § 14012(b) of the Act, each of the Individual Plaintiffs is entitled to a determination on the merits of a *Pigford* claim in this Court. The Court should find, pursuant to § 14012(b) of the Act, that each of the Individual Plaintiffs was the subject of unlawful discrimination by the USDA.

### COUNT III

### ACTION FOR DAMAGES PURSUANT TO § 14012 OF THE 2008 FARM BILL

19. Plaintiffs reallege each and every allegation set forth in paragraphs 1-12 of this Complaint as if fully set forth herein.

20. Pursuant to §§14012(g) and 14012(0(1) of the Act, each of the Individual Plaintiffs is entitled either to actual damages or, in the alternative, to liquidated damages of $50,000, discharge of any debt that was incurred under, or affected by, the programs that were the subject of the discrimination claims, and a tax payment in the amount equal to 25 percent of the liquidated damages and loan principal discharged.

21. Because $100,000,000 will not be sufficient to fully pay all damages awarded under § 14012 to the thousands of *Pigford* claimants who likely will file claims, this action seeks judicial supervision and equitable distribution of the $100,000,000 limited fund until it can be appropriately disbursed among successful § 14012 claimants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court:

(A) Declare that the Black Farmers & Agriculturalists Association's members who are eligible "*Pigford* claimants" under the 2008 Farm Bill are entitled to a determination on the merits of their claims, and a process be established to determine those claims.

(B) Order Defendant to provide to each of the Individual Plaintiffs — within 120 days of receiving notice of this Complaint — a report on farm credit loans and noncredit benefits made within each Individual Plaintiff's county and meet all other requirements of § 14012(e) of the Act;

(C) Provide each Individual Plaintiff a determination on the merits of his or her claims;

(D) Award each Individual Plaintiff either (a) the actual damages he/she sustained as a result of discrimination by the USDA; or (b) liquidated damages in the amount of $50,000 for each Plaintiff;

(E) Order Defendant to discharge any debts incurred by the Individual Plaintiffs under, or that were affected by, such discrimination;

(F) Order Defendant to make a tax payment for each Individual Plaintiff, in the amount equal to 25 percent of any liquidated damages and any loan principal discharged;

(G) Grant such other and further relief that the Court deems to be just and equitable including supervision and equitable distribution of the $100,000,000 fund created by the Farm Bill.

Dated: July 7, 2008

Respectfully submitted,

GARY E. MASON, ESQUIRE
District of Columbia Bar Number: 418073
THE MASON LAW FIRM, L.L.P.
1225 19th St., NW, Suite 500
Washington, DC 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294
Email: gmason@masonlawdc.com

SCOTT WM WEINSTEIN, ESQUIRE
Florida Bar No. 563080
MORGAN & MORGAN, P.A.
12800 University Drive, Suite 600
Fort Myers, FL 33907-5337
Telephone: (239) 433-6880
Facsimile: (239) 433-6836
Email: sweinstein@forthepeople.com

GREGORIO A. FRANCIS, ESQUIRE
Florida Bar No. 0008478
MORGAN & MORGAN, P.A.
20 North Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 425-8171
Email: gfrancis@forthepeople.com

A. MICHAEL ESPY, ESQUIRE
Mississippi Bar No.: 5240
MIKE ESPY, PLLC
317 E. Capitol Street, Suite 101
Jackson, MS 39201
Telephone: (601) 355-9101
Facsimile: (601) 355-6021

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

BLACK FARMERS AND AGRICULTURALISTS ASSOCIATION, INC, a not-for-profit Delaware corporation; TOMMY DAVIS; VIRGINIA FLINN FACTOR; and LUDORA VALENTINE

## DEFENDANTS

ED SCHAFER, Secretary, The United States Department of Agriculture

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

GARY E. MASON, ESQUIRE
THE MASON LAW FIRM, L.L.P.
1225 19TH STREET, NW
SUITE 500
WASHINGTON, DC 20036
TELEPHONE: 202-429-2290

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

**G. Habeas Corpus/2255**
- ☐ 530 Habeas Corpus-General
- ☐ 510 Motion/Vacate Sentence

**H. Employment Discrimination**
- ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)

*(If pro se, select this deck)*

**I. FOIA/PRIVACY ACT**
- ☐ 895 Freedom of Information Act
- ☐ 890 Other Statutory Actions (if Privacy Act)

*(If pro se, select this deck)*

**J. Student Loan**
- ☐ 152 Recovery of Defaulted Student Loans (excluding veterans)

**K. Labor/ERISA (non-employment)**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Labor Railway Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**L. Other Civil Rights (non-employment)**
- ☐ 441 Voting (if not Voting Rights Act)
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights
- ☐ 445 American w/Disabilities-Employment
- ☐ 446 Americans w/Disabilities-Other

**M. Contract**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholder's Suits
- ☐ 190 Other Contracts
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**N. Three-Judge Court**
- ☐ 441 Civil Rights-Voting (if Voting Rights Act)

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**   ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   JURY DEMAND: YES ☐  NO ☐   Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE 07/08/2008   SIGNATURE OF ATTORNEY OF RECORD [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.